JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

**07 CIV 8752**

TCA S.R.L.

                    Plaintiff,                    07 CV

-v-                                              **VERIFIED COMPLAINT**

·KENRICK Y CIA SA, KENRICK AGENCIA
MARITIMA Y PORTUARIA LTDA., and
ULTRAMAR AGENCIA MARITIMA LTDA.,

                    Defendants.

-------------------------------------------------------x

RECEIVED
OCT 10 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, TCA S.R.L. (hereinafter "TCA"), by its attorneys, CHALOS,

O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendants,

KENRICK Y CIA SA (hereinafter "KENRICK"), KENRICK AGENCIA MARITIMA Y

PORTUARIA LTDA. (hereinafter "KENRICK AGENCIA"), and ULTRAMAR

AGENCIA MARITIMA LTDA. (hereinafter "ULTRAMAR"), alleges upon information

and belief as follows:

## JURISDICTION

1.      The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of

this Court under 28 U.S.C. § 1333.

## THE PARTIES

2.      At all times material hereto, Plaintiff, TCA, was and still is a foreign

business entity duly organized and existing pursuant to the laws of a foreign country,

with an office and principal place of business at Piazza Cavour 12, 57125 Livorno, Italy.

3.    At all times material hereto, Defendant, KENRICK, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Monedo 970, 14th Floor, Santiago, Chile.

4.    At all times material hereto, Defendant KENRICK AGENCIA, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at El Bosque Norte Avenue 500, 16th Floor, Las Condes, Santiago, Chile.

5.    At all times material hereto, Defendant ULTRAMAR, a/k/a ULTRAMAR, ULTRAMAR GROUP or ULTRAMAR NETWORK, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at El Bosque Norte Avenue 500, 18th Floor, Las Condes, Santiago, Chile.

## FACTS AND CLAIM

6.    TCA, as a Non-Vessel Operating Common Carrier (NVOCC), and KENRICK, as a shipping agent, entered into an agency agreement, whereby KENRICK agreed to provide certain shipping agency services to TCA.  This agency agreement is a maritime contract.

7.    Pursuant to the terms and conditions of the agency agreement, KENRICK was to, *inter alia*, collect freights on TCA's behalf; pay various disbursements; and, remit the remaining freights to TCA.

8.    Despite its obligations and agreement to do so, defendant, KENRICK, failed to process and forward the freights to TCA as agreed.

9.    As a result, on or about April 24, 2004, TCA obtained a judgment against KENRICK, whereby KENRICK was ordered to pay TCA the claimed amount of US$68,155.41, plus interest, which totals US$28,000 and legal costs of US$1,585.14. Subsequently, TCA has incurred additional legal fees, which, as best as can be determined at this time, will be an amount not less than US$10,000. Therefore, TCA's total claim against KENRICK is presently US$107,740.55.

10.    Despite TCA's repeated demands for payment, Defendant KENRICK, has failed, neglected and/or otherwise refused to pay TCA the sums due and owing TCA.

11.    Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant KENRICK and Defendants KENRICK AGENCIA and ULTRAMAR, that no separation exists between them and the corporate form of Defendant KENRICK has been disregarded such that Defendant KENRICK primarily transacted the business of Defendants KENRICK AGENCIA and ULTRAMAR.

12.    Upon information and belief, at all material times, Defendants KENRICK AGENCIA and ULTRAMAR, operated in the name of Defendant KENRICK such that Defendants KENRICK AGENCIA and ULTRAMAR were the beneficial owners of KENRICK.

13.    Upon information and belief, KENRICK holds itself out as one of ULTRAMAR's offices within the ULTRAMAR network of corporate offices.

14.    Upon information and belief, KENRICK is one of several offices which are operated, controlled and managed as a single economic enterprise known as ULTRAMAR.

15. Upon information and belief, among the entities which comprise the ULTRAMAR network, including KENRICK and KENRICK AGENCIA, there is a commonality of control and management centered with ULTRAMAR, and an overlap of officers, directors and employees.

16. Upon information and belief, at all material times, Defendant KENRICK and Defendants KENRICK AGENCIA and ULTRAMAR, have overlapping ownership, management, personnel and purposes such that Defendant KENRICK and Defendants KENRICK AGENCIA and ULTRAMAR did not operate at arms length.

17. Upon information and belief, at all material times, Defendant KENRICK and Defendants KENRICK AGENCIA and ULTRAMAR, have had common addresses, common contact information such that the Defendant KENRICK had no independent corporate identity from the Defendants KENRICK AGENCIA and ULTRAMAR.

18. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant KENRICK and Defendants KENRICK AGENCIA and ULTRAMAR.

19. Upon information and belief, at all material times, Defendants KENRICK AGENCIA and ULTRAMAR have dominated, controlled and used the Defendant KENRICK for their own purposes such that there is no meaningful difference between the several entities.

20. Upon information and belief, at all material times, Defendants KENRICK AGENCIA and ULTRAMAR have disregarded the corporate form of Defendant KENRICK to the extent that Defendants KENRICK AGENCIA and ULTRAMAR, were

actually carrying on KENRICK's business and operations as if the same were their own, or vice versa.

21.    Upon information and belief, Defendant KENRICK utilizes the Defendants KENRICK AGENCIA and ULTRAMAR, to transfer funds through, to and from the Southern District of New York on its behalf.

22.    Upon information and belief, there are reasonable grounds to conclude that the Defendants KENRICK AGENCIA and ULTRAMAR are the alter-egos of Defendant KENRICK and, therefore, Plaintiff TCA has a valid prima facie *in personam* claim against Defendants KENRICK AGENCIA and ULTRAMAR based upon alter ego liability.

## BASIS FOR ATTACHMENT

23.    Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

24.    Plaintiff believes that some of these assets, to wit:  bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, KENRICK, KENRICK AGENCIA and ULTRAMAR, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the

possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.      That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.      That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD $215,481.10 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.      That Plaintiff may have such other, further and different relief as may be just and proper.

6

Dated: Port Washington, New York
October 9, 2007

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
TCA S.R.L.

By: _____

George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TCA S.R.L.

                             Plaintiff,                    07 CV

    -v-
                                                           **VERIFICATION OF**
                                                           **COMPLAINT**
KENRICK Y CIA SA, KENRICK AGENCIA
MARITIMA Y PORTUARIA LTDA., and
ULTRAMAR AGENCIA MARITIMA LTDA.,

                             Defendants.
-------------------------------------------------------------x

        Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of

perjury:

        1.      I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P.,

counsel for the Plaintiff, TCA S.R.L., herein;

        2.      I have read the foregoing Verified Complaint and know the contents thereof; and

        3.      I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its agents, underwriters and

attorneys.

        4.      The reason that this verification was made by deponent and not by the Plaintiff is

because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this

case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       October 9, 2007

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
TCA S.R.L.

By:

George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

2